UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRIS OLSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 4:12-CV-1629 CAS |
| | ) |
| DESSERTS ON THE BOULEVARD, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion to Amend Complaint. The motion states that plaintiffs seek leave to file their First Amended Complaint to clarify that the Fair Labor Standards Act applies to them through both "enterprise coverage" and "individual coverage." Defendants oppose the motion and it is fully briefed. For the following reasons, the Court will grant the motion.

**Background**

The four plaintiffs' twenty-two count original complaint asserts claims against the defendants for breach of contract, failure to pay minimum wages and overtime pay under the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Law, penalties for nonpayment of wages under § 290.110, Missouri Revised Statutes, and unjust enrichment/quantum meruit. In response to a motion for partial summary judgment filed by three of the plaintiffs, the defendants asserted among other things that the complaint lacks allegations the plaintiffs are entitled to "individual coverage" under the FLSA. In the instant motion to amend, the plaintiffs state that the FLSA covers employees "engaged in commerce or in the production of business for commerce" and that each of them regularly participated in the actual movement of things or persons in interstate commerce.

Plaintiffs move to amend their complaint to clarify that the FLSA applied to their employment both through "enterprise coverage" and "individual coverage."

Plaintiffs' motion to amend cites Rule 15(a)(2) of the Federal Rules of Civil Procedure, which permits amendment "only with the opposing party's written consent or the court's leave." The rule also states, "The court should freely give leave when justice so requires." Rule 15(a)(2), Fed. R. Civ. P. Plaintiffs state they only learned the defendants would contend that FLSA individual coverage was not pled in the complaint upon receiving defendants' response to their summary judgment motion, and shortly thereafter filed their motion for leave to amend. Plaintiffs also state that the defendants will not be prejudiced by the proposed amendment, as the defendants have not deposed any plaintiff and therefore no discovery would need to be duplicated, and no new claims or legal theories are asserted, as the purpose of the amended complaint is solely to "clarify the basis by which the FLSA applies to the previously asserted claims." Mem. Supp. at 3.

The defendants oppose the motion to amend on the basis that plaintiffs have unduly delayed in seeking leave to amend. The defendants assert that in their answer filed in November 2012, they asserted a defense of failure to state a claim upon which relief may be granted, and that in May 2013, the parties engaged in mediation and during the mediation there were "specific conversations regarding Plaintiffs' ability to establish a cause of action under the FLSA and Missouri Minimum Wage Law," so plaintiffs should have realized their complaint did not assert FLSA individual coverage. Defs.' Response at 2. The defendants also state that the Case Management Order's deadline for amending pleadings was April 1, 2013, and the case is set for trial on November 4, 2013. Finally, defendants state they would be "greatly prejudiced" if the amendment were allowed, but do not explain how.

2

The plaintiffs reply that defendants did not file a dispositive or other motion on the basis of individual FLSA coverage, and the discussions at mediation concerned the factual underpinnings for FLSA coverage, not whether the basis of coverage was adequately pleaded.  Plaintiffs state they have shown good cause for seeking the amendment because they filed the motion to amend shortly after defendants raised the pleading issue in their summary judgment response.  Plaintiffs state that no new claims are asserted in the proposed amendment, and that defendants have not identified any prejudice they would suffer if the amendment were permitted.

**Discussion**

In most instances where a party seeks leave to amend his complaint after the deadline in the applicable case management order has passed, as here, Federal Rule of Civil Procedure 16(b)'s good-cause standard applies, not the "when justice so requires" standard of Rule 15(a).  See Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008).  The Eighth Circuit has explained the distinction between the two rules:

> Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions "when justice so requires."  Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order "shall not be modified except upon a showing of good cause."

Schenk v. Chavis, 259 F. App'x 905, 907 (8th Cir. 2008).

"The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements."  Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006).  Prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor.  Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 717 (8th Cir. 2008) .

3

The Court finds that plaintiffs have shown good cause to permit amendment of their complaint. The plaintiffs acted with sufficient diligence because they filed a motion for leave to amend relatively soon after being put on notice that the defendants contended no FLSA individual coverage was pleaded in the complaint. The Court rejects defendants' assertion that the conclusory affirmative defense of failure to state a claim included in their Answer put plaintiffs on notice that the defendants contended there was no FLSA individual coverage pled. The Court will also not find notice based on vague, unverified statements concerning discussions at mediation. Although the trial date is only weeks away, the proposed amendment does not assert a new theory of the case, but rather clarifies the basis for plaintiffs' FLSA claims. As plaintiffs state, the amendment should not require additional discovery where the defendants have not deposed the plaintiffs and discovery is closed. Further, the defendants make only a conclusory assertion of prejudice, which is not persuasive. The Court will grant plaintiffs' motion to amend their complaint.

The First Amended Complaint will supercede the original complaint and render it without legal effect. See In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000). As a result, pending motions pertaining to the original complaint should be denied as moot, see Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002). Because plaintiffs' motion for partial summary judgment was based on the original complaint, it should be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Amend Complaint is **GRANTED**. [Doc. 48]

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to docket plaintiffs' First Amended Complaint, which was submitted as an attachment to the motion to amend.

**IT IS FURTHER ORDERED** that plaintiffs' motion for partial summary judgment is **DENIED as moot**.  [Doc. 35]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of September, 2013.