# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

CHRIS OLSON, et al., )
 )
      Plaintiffs, )
 )
v. ) No. 4:12-CV-1629 CAS
 )
DESSERTS ON THE BOULEVARD, LLC, )
et al., )
 )
      Defendants. )

## MEMORANDUM AND ORDER

This closed case is before the Court on plaintiffs' Motion for Order Holding Defendants in Contempt of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure. The defendants have not filed a response to the motion and the time to do so has passed. For the following reasons, the motion will be denied without prejudice.

**Background**

This was an action by four plaintiffs to recover unpaid wages and penalties under the Fair Labor Standards Act and the Missouri Wage and Hour Law. The case was set for jury trial on November 18, 2013. On the morning of trial, the parties appeared and asked the Court to enter an agreed-upon consent judgment. The Consent Judgment was executed by Catina Watson-Miller as President and Owner of defendant Desserts on the Boulevard, LLC, and by defendants Catina Watson-Miller and Deverick Miller, individually.

The terms of the parties' settlement are incorporated into the Consent Judgment. The Consent Judgment entered judgment against the defendants, jointly and severally, and in favor of the plaintiffs as follows:

    1. Plaintiffs Chris Olson and Corey Bishop in the amount of $4,000.00 each;

2. Plaintiff Joshua Harvey in the amount of $1,000.00; and

    3. Plaintiff Matthew Shucart in the amount of $6,000.00.

The Consent Judgment provides for payment by the defendants four (4) installment payments as follows:

    1. The first installment payment of $5,000.00 to be paid on or before January 1, 2014;

    2. The second installment payment of $2,500.00 to be paid on or before February 1, 2014;

    3. The third installment payment of $4,000.00 to be paid on or before March 1, 2014; and

    4. The fourth installment payment of $3,500.00 to be paid on or before April 1, 2014.

All installment payments were to be made payable to and mailed to plaintiffs' attorneys. The Consent Judgment states that the parties agree execution on the judgment "shall be stayed if the installment payments . . are timely paid[.]" Consent Judgment at 2. (Doc. 99)

The motion for order of contempt, filed January 13, 2014, states that plaintiffs' counsel had not received any settlement funds from the defendants by that date, nor any request for extension to pay at a later date. The motion also states that plaintiffs' counsel contacted defense counsel on January 6, 2014, January 8, 2014 and January 10, 2014, and received no assurances that payment would be made or any justification for the delay of payment.

Plaintiffs ask the Court to hold defendants in contempt of court pursuant to Rule 70(e), Fed. R. Civ. P., for failing to comply with the Consent Judgment. Plaintiffs request that defendants be sanctioned "in an amount sufficient to compensate the Plaintiffs for the additional litigation and attorneys caused by the contempt and in an additional amount accruing on a daily basis to coerce compliance with the Court's Judgment." Mot for Contempt at 3-4.

**Discussion**

Plaintiffs' motion for contempt is brought pursuant to Rules 70(a) and (e), Fed. R. Civ. P. Rule 70 addresses enforcement of a judgment that orders a conveyance, delivery, or the performance of a specific act. Rule 70(a) states:

> If a judgment requires to party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done–at the disobedient party's expense–by another person appointed by the court. When done, the act has the same effect as if done by the party.

Rule 70(a), Fed. R. Civ. P. Rule 70(e) states, "The court may also hold the disobedient party in contempt."

Rule 69 of the Federal Rules governs the process to enforce a judgment for the payment of money. The Rule provides that a "money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1), Fed. R. Civ. P. Rule 69(a) further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Finally, Rule 69 provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person–including the judgment debtor–as provided in [the Federal Rules] or by the procedure of the state where the court is located." Rule 69(a)(2), Fed. R. Civ. P.

The proper means for a party to enforce compliance with a money judgment is to seek a writ of execution under Rule 69, see El-Tabech v. Clarke, 616 F.3d 834, 839 (8th Cir. 2010), not to obtain a fine of contempt for the period of non-payment. As a leading federal practice treatise explains:

> Rule 69(a)(1) provides that a "money judgment is enforced by writ of execution, unless the court otherwise directs." This language appears to contemplate a means to enforce money judgments other than by writ of execution. However, such

3

> other means are confined to cases in which established principles warrant equitable relief, such as when execution would be an inadequate remedy. For example, enforcement through the imposition of a contempt sanction would not be authorized absent exceptional circumstances.

13 James Wm. Moore, et al., Moore's Federal Practice § 60.03[1] (3d ed. 2013); see also Gabovitch v. Lundy, 584 F.2d 559, 560-61 (1st Cir.1978) ("[T]he legislative history and judicial application of Rule 69(a) make clear that the first sentence of the Rule expresses a limitation on the means of enforcement of money judgments and does not create a general power to issue writs of execution in disregard of the state law incorporated by the rest of the Rule. . . . . [T]he purpose of the first sentence of Rule 69(a) is to restrict remedies on money judgments to legal process and to avoid broad invocation of in personam relief, except where established principles warrant relief.").

Plaintiffs assert that the Consent Judgment requires the defendants to perform "other specific acts" because they are required to make installment payments on specific dates, thus bringing the judgment within the scope of Rule 70. In support, plaintiffs cite S.E.C. v. Musella, 818 F. Supp. 600, 602 (S.D.N.Y. 1993) ("When an order requires a party to pay a sum certain, a mere showing that the party was unable to pay the entire amount by the date specified is insufficient to avoid a finding of contempt.").

Plaintiffs do not cite and the Court in independent research has not found any Eighth Circuit decisions that address the use of contempt proceedings under Rule 70(e). Cases from other circuits, however, hold that a party may not enforce a money judgment, including a consent judgment calling for installment payments or payment of a sum certain, by means of a contempt citation. See, e.g., Combs v. Ryan's Coal Co., Inc., 785 F.2d 970, 980-81 (11th Cir. 1986) (consent decree calling for installment payments by particular dates was properly characterized as a money judgment; entry of an order of contempt for failure to comply with consent decree would have been reversible error,

as the appropriate remedy is a writ of execution, not a finding of contempt); Shuffler v. Heritage Bank, 720 F.2d 1141, 1147-48 (9th Cir. 1983) (district court's imposition of a $500 daily fine to coerce the judgment debtor to pay $190,000 into escrow by a particular date pursuant to a stipulated judgment was unauthorized under Rule 70; judgment could only be enforced through a writ of execution); see also Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 378 (1992) (consent decree is enforceable as "a judicial decree that is subject to the rules generally applicable to other judgments and decrees."); Andrews v. Roadway Exp., Inc., 473 F.3d 565, 568 n.2 (5th Cir. 2006) (consent decree approved by judicial order is a "judgment" for purposes of Rule 69(a)); Aetna Cas. & Sur. Co. v. Markarian, 114 F.3d 346, 359 (1st Cir. 1997) (Rule 69(a)'s "otherwise" clause is to be construed narrowly).

The Ninth Circuit has observed that "[a]t least two cases have upheld the use of contempt in the enforcement of money judgments, but they have done so where state law allowed that procedure." Hilao v. Estate of Marcos, 95 F.3d 848, 855 n.11 (9th Cir. 1996) (citing Laborers' Pension Fund v. Dirty Work Unlimited, Inc., 919 F.2d 491, 494-95 (7th Cir. 1990) (applying Illinois law); and Clopper v. Merrill Lynch Relocation Management, Inc. (In Re: Merrill Lynch Relocation Management, Inc.), 812 F.2d 1116, 1119-21 (9th Cir. 1987) (applying Oregon law)).

The Court finds that the Consent Judgment entered in this case is a money judgment within the meaning of Rule 69(a), and not a judgment that requires the performance of a specific act. See Combs, 785 F.2d at 980-81; Shuffler, 720 F.2d at 1147-48. Therefore, the enforcement provisions of Rule 70 are not available to plaintiffs here. Plaintiffs have not shown that Missouri law would permit the enforcement of a money judgment through the use of contempt proceedings. Nor have plaintiffs shown that exceptional circumstances exist, or that "established principles" would permit the use of contempt proceedings in this context.

Plaintiffs' citation to the Musella decision to support the use of Rule 70(e) in this matter is unpersuasive. Musella was a civil enforcement action by the Securities and Exchange Commission to force the defendant to disgorge profits illegally gained from insider trading. Id., 818 F. Supp. 600. After the court entered a Final Order and Judgment requiring disgorgement and the defendant failed to comply, the court exercised its inherent contempt power to coerce the defendant's compliance. Id. at 601. "[D]isgorgement is an equitable obligation to return a sum equal to the amount wrongfully obtained[.]" S.E.C. v. Banner Fund Int'l, 211 F.3d 602, 617 (D.C. Cir. 2000). "In a securities enforcement action . . . 'disgorgement' is not available primarily to compensate victims." S.E.C. v. Cavanagh, 445 F.3d 105, 117 (2d Cir. 2006). Instead, "disgorgement is a distinctly public-regarding remedy, available only to government entities seeking to enforce explicit statutory provisions." F.T.C. v. Bronson Partners, LLC, 654 F.3d 359, 372 (2d Cir. 2011).

The Court finds Musella distinguishable and therefore unpersuasive for two reasons. First, the court utilized its inherent contempt authority, as opposed to Rule 70(e), so the case does not address Rule 70(e) and does not support its use in the instant case. Second, assuming without deciding that an order of disgorgement is a money judgment under Rule 69(a), SEC civil enforcement proceedings appear to be an instance where established procedures warrant equitable relief, as the equitable remedy of disgorgement is a tool through which the SEC enforces its police and regulatory powers. See S.E.C. v. Brennan, 230 F.3d 65, 71 (2d Cir. 2000). No similar established procedures or extraordinary circumstances exist in this case.

**Conclusion**

For the foregoing reasons, the Court concludes that the Consent Judgment in this case is a money judgment and, as a result, the contempt power authorized by Rule 70(e) cannot be used to coerce the defendants' compliance with the judgment. Plaintiffs' motion for an order holding the

defendants in contempt should therefore be denied. Because, however, defendants have not responded to the motion and therefore presumably admit they did not make the payment due on January 1, 2014, plaintiffs are free to begin execution proceedings on the Consent Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Order Holding Defendants in Contempt of Court is **DENIED** without prejudice. [Doc. 100]

                                                    **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this __28th__ day of January, 2014.