UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRIS OLSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:12-CV-1629 CAS |
| ) | |
| DESSERTS ON THE BOULEVARD, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on plaintiffs' motion to find defendants Catina Diane Watson-Miller and Deverick A. Miller in contempt of the Court's Memorandum and Order of March 31, 2015, that granted plaintiffs' motion to compel discovery in aid of execution. Defendants have not responded to the motion for contempt and the time to do so has passed. For the following reasons, defendants will be ordered to appear before the Court and show cause why they should not be held in contempt.

**Background**

Plaintiffs Chris Olson, Corey Bishop, Joshua Harvey and Matthew Shucart filed suit to recover unpaid wages and penalties under the Fair Labor Standards Act and the Missouri Wage and Hour Law. On the morning of trial, the parties announced they had reached a settlement and presented the Court with a proposed stipulated consent judgment. On November 18, 2013, the Court entered the Consent Judgment which in pertinent part provided as follows:

> Defendants consent to judgment being entered in favor of Plaintiff Chris Olson and against Defendants, jointly and severally, in the amount of $4,000.00 (Four Thousand Dollars and No Cents).

>       Defendants further consent to judgment being entered in favor of Plaintiff Corey Bishop and against Defendants, jointly and severally, in the amount of $4,000.00 (Four Thousand Dollars and No Cents).
>
>       Defendants consent to judgment being entered in favor of Plaintiff Joshua Harvey and against Defendants, jointly and severally, in the amount of $1,000.00 (One Thousand Dollars and No Cents).
>
>       Defendants consent to judgment being entered in favor of Plaintiff Matthew Shucart and against Defendants, jointly and severally, in the amount of $6,000.00 (Six Thousand Dollars and No Cents).
>
>       The parties agree and stipulate that this Consent Judgment will be satisfied in four (4) installment payments. The installment payment schedule is as follows:
>
>       1.      The first installment payment of $5,000.00 (Five Thousand Dollars & No Cents) shall be paid on or before January 1, 2014.
>
>       2.      The second installment payment of $2,500.00 (Two Thousand Five Hundred Dollars & No Cents) shall be paid on or before February 1, 2014.
>
>       3.      The third installment payment of $4,000.00 (Four Thousand Dollars and No Cents) shall be paid on or before March 1, 2014.
>
>       4.      The fourth installment payment of $3,500.00 (Three Thousand Five Hundred Dollars and No Cents) shall be paid on or before April 1, 2014.

Consent Judgment at 1-2 (Doc. 99). The Judgment remains unsatisfied.

Plaintiffs stated in their motion to compel that they had propounded Requests for Production of Documents and Interrogatories to Catina D. Watson-Miller and Deverick A. Miller on August 1, 2014, in aid of execution of the Judgment. Plaintiffs stated that the defendants had refused to answer the discovery but had not objected to it, and asked the Court to order defendants to respond to the discovery. After noting that plaintiffs' discovery was proper under Rule 69(a)(2) of the Federal Rules of Civil Procedure, which provides that a judgment creditor in aid of a judgment or execution "may obtain discovery from any person–including the judgment debtor–as provided in [the Federal Rules] or by the procedure of the state where the court is located," the Court granted plaintiffs'

motion to compel discovery and ordered defendants Watson-Miller and Miller "to answer plaintiffs' Interrogatories and provide documents in response to the Requests for Production of Documents, without objection, and send their Answers and documents to plaintiffs' counsel by **April 10, 2015**." Mem. and Order of Mar. 31, 2015 at 3 (Doc. 141).[1]

In the instant motion, plaintiffs state that defendants Watson-Miller and Miller failed to answer the Interrogatories and produce documents as ordered by the Court. Plaintiffs move to have defendants Watson-Miller and Miller held in contempt of court for this failure, and seek a monetary compliance fine of $250 for each day of defendants' noncompliance. Plaintiffs also seek attorney's fees and expenses incurred in filing the motion for contempt.

**Discussion**

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt proceedings may be employed to coerce a defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at

---

[1] The Court directed the Clerk of the Court to send a copy of the Memorandum and Order of March 31, 2015 to defendants Watson-Miller and Miller by first-class mail and by certified mail, return receipt requested. The copies sent by first-class mail were not returned to the Court. The copy sent to defendant Miller by certified mail was returned, marked by the U.S. Postal Service as "unclaimed," on May 4, 2015. (See Doc. 143).

3

504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

This Court has previously imposed compliance fines and has ordered defendants to reimburse the plaintiffs for attorneys' fees incurred in attempting to compel compliance with a Court order. See, e.g., Rodriguez v. Lawns of Distinction, Ltd., 2008 WL 2482516, at * 2 (E.D. Mo. June 17, 2008) (ordering a compliance fine of $200 per day until defendants answered plaintiff's post-judgment interrogatories); Rodriguez v. Lawns of Distinction, Ltd., 2008 WL 4378465, at * 2 (E.D. Mo. Sept. 23, 2008) (awarding plaintiffs attorney's fees and expenses of $4,668.28 incurred in connection with motion for contempt); Greater St. Louis Construction Laborers Welfare Fund v. AURA Contracting, LLC, 2012 WL 2684864, at *2 (E.D. Mo. July 6, 2012) (granting plaintiffs' motion for attorneys' fees in connection with motion for contempt). In addition, incarceration has been used to compel compliance with Court orders in the context of post-judgment collection efforts. See, e.g., Rodriguez v. Lawns of Distinction, Ltd., 2008 WL 4534016, at *7 (E.D. Mo. Oct. 3, 2008 (ordering U.S. Marshal to take defendant into custody and incarcerate him until he purged himself of contempt by answering plaintiffs' interrogatories).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnor violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that defendants Watson-Miller and Miller have not answered plaintiffs' Interrogatories or produced records as ordered. At this point, the burden shifts to defendants Watson-Miller and Miller to show an inability to comply with the Court's order. See id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) she was unable to comply, explaining why "categorically and in detail;" (2) her inability to comply was not "self-

4

induced;" and (3) she made "in good faith all reasonable efforts to comply." Chicago Truck Drivers, 207 F.3d at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Catina D. Watson-Miller and Deverick A. Miller shall appear before the Court to show cause why they should not be held in contempt of court for failure to answer Interrogatories and to produce records as ordered by the Court on March 31, 2015.

**IT IS FURTHER ORDERED** that a hearing is set for Thursday, **May 28, 2015**, at **2:00 p.m.** in Courtroom No. 17-South of the Thomas F. Eagleton United States Courthouse, at which defendants Watson-Miller and Miller may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Memorandum and Order of March 31, 2015. Because incarceration is a possible civil contempt sanction, the defendants have the right to representation by counsel. Failure to appear for the hearing as ordered may subject defendants Watson-Miller and Miller to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order on defendants Catina D. Watson-Miller and Deverick A. Miller personally, at 5733 Clemens Place, St. Louis, Missouri 63112, or wherever each may be found.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __5th__ day of May, 2015.